# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS
### (EASTERN DIVISION)

|  |  |
|---|---|
| ------------------------------- x | |
| In re | : Chapter 7 |
|  | : |
|  | : Case No. 19-11824-FJB |
| National Fish and Seafood, Inc. | : |
|  | : |
| Debtor. | : |
|  | : |
| ------------------------------- x | |

## MOTION FOR RELIEF FROM STAY
## OF FORMER DIRECTORS AND OFFICERS OF THE DEBTOR AUTHORIZING THE PAYMENT AND/OR ADVANCEMENT OF DEFENSE COSTS UNDER THE DEBTOR'S DIRECTORS AND OFFICERS LIABILITY INSURANCE POLICY

Todd Provost ("Provost"), Michael Bruno ("Bruno") and Jack Ventola ("Ventola") (collectively, the "Movants"), each of whom is a former director and two of whom (Provost and Ventola) are former officers of National Fish and Seafood, Inc. (the "Debtor"), by and through their undersigned counsel, hereby move for entry of an order authorizing the payment and/or advancement of defense costs under the Debtor's D&O Policy, as defined below (the "Motion").

### JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §157(b)(2)(G) and 28 U.S.C. 1334(b). Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

### BACKGROUND

2. On May 29, 2019 the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court"). On May 30, 2019, John O. Desmond was appointed chapter 7 trustee of the Debtor's bankruptcy estate (the "Trustee").

3. On April 9, 2020, the Trustee filed an adversary proceeding in the Bankruptcy Court (Adv. Pro. 20-01048-FJB)(the "Adversary Proceeding") against each of the movants and four other former directors of the Debtor, Ng Joo Puay, Ng Puay Ye, Ng Joo Kwee and Ng Joo Siang (the "Ng Defendants"). The Trustee alleges the following claims:

    (a) Each of the Defendants breached their of fiduciary duty of care as directors of the Debtor by authorizing, directing or allowing the Debtor's funds to be transferred to one or more Pacific Andes International Holdings (Bermuda) Limited and Pacific Andes International Holdings (BVI) Limited (together "PAIH") entities with the knowledge that (i) the transfers were unrelated to the Debtor's legitimate business interests and activities; (ii) the PAIH entities were unable and thus unlikely to repay or return those funds to the Debtor; (iii) the Debtor would have no ability to repay these funds to its secured lender, Cooperative Central Raiffeisen-Boerenlennbank, B.A. ("Rabobank"); and (iv) Rabobank would have the contractual right to foreclose on all the Debtor's assets which occurred for which the Trustee seeks a judgment for money damages suffered by the Debtor and its creditors (Count I);

    (b) Each of the Defendants breached their fiduciary duty as directors of the Debtor for corporate waste of assets arising from the transfer of the Debtor's funds to PAIH which were not repaid and which damaged the Debtor and its creditors in an amount to be determined for which the Trustee seeks a money judgment against all defendants (Count V);

    (c) Provost breached his duty of care as the Debtor's Chief Operating Officer and President arising from his failure to prevent transfers of the Debtor's borrowed funds to PAIH which PAIH could not or did not repay leading to Rabobank's

foreclosure of the Debtor's assets for which the Trustee seeks a money judgment for the damages suffered by the Debtor and its creditors (Count III); and

(d) Ventola, as Chief Operating Officer and President of the Debtor breached his duty of care by, among other things, delegating all management and control of the Debtor, including control of the Rabobank debt facility, to PAIH personnel which he knew or should have known would be looking out exclusively for PAIH rather than the Debtor or its creditors which led to borrowings of $42 million by PAIH which were guaranteed by the Debtor and not repaid in turn leading to the Debtor being unable to continue as an operating entity (Count II).[1]

4. Prior to the petition date, the Debtor purchased that certain Private Company Management Liability Insurance Policy issued by Hiscox Insurance Company, Inc. ("Hiscox"), Policy No. UVA1809160.17, which includes a Director & Officers Liability Coverage Part (the "D&O Policy"). The policy period of the D&O Policy was October 19, 2017, to October 19, 2018, and was extended to November 18, 2018. Per the terms of the D&O Policy, an Insured has three additional years to provide Hiscox notice of Claims first made against the Insured alleging Wrongful Conduct occurring prior to November 18, 2018. Notice of Adversary Proceeding was timely made to Hiscox.

5. The D&O Policy provides up to $3,000,000 of insurance coverage and an executive limit of liability of $500,000. The executive limit is in addition to and not part of the $3,000,000 limit available solely for a loss resulting from any claim against any Executive of the company covered under the D&O Policy. Each of the Movants are Executives as that term is defined under the D&O Policy.

---

[1] The remaining claim (Count IV), breach of the duty of loyalty, is only alleged against the Ng Defendants.

6. The D&O Policy provides for the advancement of an Insured's Defense Costs for legal fees and associated expenses incurred in defending a Covered Claim. *See* Section VII.

7. Coverage A of the D&O Policy provides it will pay the Loss of an Individual Insured (here, the Movants) arising from a Claim made against such Individual Insured during the policy period if such Loss is not paid by the Debtor ("Direct Coverage"). *See* D&O Policy, Insuring Agreements, Section 1.

8. Coverage B of the D&O Policy protects the Debtor by reimbursing it for indemnification payments, including Defense Costs, made to or on behalf of current and/or former directors and officers. *See* D&O Policy, Insuring Agreements, Section 1. There have been, and will be, no such payments made that would qualify the Debtor under Coverage B.

9. Finally, Coverage C provides that Hiscox will pay any Loss of the Debtor arising from a claim against the Company during the policy period for any actual or alleged Wrongful Act of the Debtor ("Entity Coverage"). *See* D&O Policy, Insuring Agreements, Section 1. Again, there is, to our knowledge, no claim that is pending or that has been threatened against the Debtor that could conceivably give rise to a claim of indemnity under Coverage C.

10. The Movants have exercised their rights under the D&O Policy to demand payment of Defense Costs and Hiscox has to date honored, and seeks to continue to honor its obligations to advance Defense Costs incurred in connection with the Adversary Proceeding, *provided* that the Bankruptcy Court enters a "comfort order" permitting such advances so that Hiscox is comfortable that the advancement of such Defense Costs will not result in violation of the automatic stay under section 362 of the Bankruptcy Code.[2]

---

[2] Hiscox has already commenced advancing defense costs and therefore requests the order be granted *nunc pro tunc* to the date the Adversary Proceeding was filed by the Trustee.

**RELIEF REQUESTED**

11. By this Motion, the Movants seek an order from the Bankruptcy Court lifting the automatic stay to the extent necessary to permit Hiscox to continue to advance Defense Costs to the Movants in accordance with the terms and conditions of the D&O Policy[3] and to allow the Movants to pursue their rights under the D&O Policy.

**BASIS FOR RELIEF**

12. An insurance policy issued to a debtor is "property of the estate" within the meaning of the Bankruptcy Code. 11 U.S.C. § 541(a). *Tringali v. Hathaway Machinery Co., Inc.*, 796 F.2d 553 (1st Cir. 1986) ("every Court that has recently considered the specific question has held that liability insurance falls within the scope of §541(a)(1)"). There is, however, a significant distinction between ownership of the policy and ownership of the "proceeds" of a policy (*i.e.*, the payments made by the insurer pursuant to the insurance contract) that are paid to a third-party. *See In re: CyberMedica, Inc.,* 280 B.R. 12, 16 (Bankr. D. Mass. 2002) (granting relief from stay for payment of defense cost while concluding proceeds are property of the estate but noting "courts are in disagreement on whether or not insurance *proceeds* are property of the estate") (emphasis in original); *In re Boston Medical Center*, 285 B.R. 87, 98 (Bankr. D. Mass. 2002 (permitting payment to defendants for experts under D&O policy while finding proceeds are property of the estate); *In re Allied Digital Technologies, Corp.*, 306 B.R. 505, 512 (Bankr. D. Del. 2004) (finding that when directors' and officers' liability insurance policy only provides direct coverage to directors and officers, policy proceeds are not property of estate); *In re Daisy Sys. Sec. Litig.*, 132 B.R. 752, 755 (N.D. Cal. 1991) (finding that when directors and

---

[3] Hiscox has informed the Movants that it reserves the right to seek reimbursement of Defense Costs paid to such Movant should it be determined that the Loss suffered by the Movant is not covered under the D&O Policy .

officers are primary beneficiaries under directors' and officers' liability policy, policy proceeds are not property of bankruptcy estate to be divided among creditors according to bankruptcy law); *In re Circle K Corp.*, 121 B.R. 257, 259-61 (Bankr. D. Ariz. 1990) (same); *In re Louisiana World Expo., Inc.*, 832 F.2d 1391, 1401 (5th Cir. 1987) (same); *Louisiana World Expo*, 832 F.2d at 1400 (finding that when payment under directors' and officers' liability policy reduces amount of potential indemnification claim and there is "not the potential for increasing the estate's exposure by payment of liability proceeds due," policy proceeds payable to directors and officers are not estate property).

13.    The court in *In re First Central Financial Corp.* 238 B.R. 9 (Bankr. E.D.N.Y. 1999) addressed circumstances similar to the ones present here. *See also In re MF Glob. Holdings Ltd.*, 469 B.R. 177, 193 (Bankr. S.D.N.Y. 2012) *subsequently dismissed sub nom. Sapere Wealth Mgt. LLC v. MF Glob. Holdings Ltd.*, 566 F. App'x 81 (2d Cir. 2014). In *First Central Financial*, a chapter 7 trustee, who had asserted claims against certain directors and officers of the debtor, sought to proscribe any distribution of proceeds from the directors' and officers' liability insurance policy, which included direct coverage, indemnification coverage and entity coverage. In rejecting the trustee's argument, the court explained:

> D&O policies are obtained for the protection of individual directors and officers. Indemnification coverage does not change this fundamental purpose. There is an important distinction between the individual liability and the reimbursement portions of a D&O policy. The liability portion of the policy provides coverage directly to officers and directors, insuring the individuals from personal loss for claims that are not indemnified by the corporation. Unlike an ordinary liability insurance policy, in which a corporate purchaser obtains primary protection from lawsuits, a corporation does not enjoy direct coverage under a D&O policy. It is insured indirectly for its indemnification obligations. In essence and at its core, a D&O policy remains a safeguard of officer and director interests and not a vehicle for corporate protection.

238 B.R. at 16. Moreover, the existence of entity coverage did not alter the nature of the D&O policy. The court stated that "the mere appendage of entity coverage to this [D&O] Policy by

way of a rider, providing the Debtor with protection from securities claims, does not provide sufficient predicate, *per se*, to metamorphose the proceeds into estate property." *Id.* at 17. In that case, the estate did not require protection since no claims had been filed against the debtor that would invoke the policy's entity coverage. Thus, the court held that where entity coverage is merely hypothetical and "fails to provide some palpable benefit to the estate," it is not property of the estate and cannot be used by the trustee to leverage himself into a position of first entitlement to the policy proceeds. *Id.* at 18; *see also MF Glob. Holdings*, 469 B.R. at 193 ("Lifting the automatic stay to permit U.S. Specialty to advance defense costs on behalf of the Individual Insureds would not severely prejudice the Debtors' estates. But failure to do so would significantly injure the Individual Insureds, whose defense costs are covered by the Specialty Policies."). The court was unwilling to divest the directors and officers of liability protection and payment of legal fees because the policy existed for their protection.

14. Similarly, in the instant case, the Trustee and the estate will not be prejudiced by the relief sought by the Movants, since no claims have been asserted or filed against the estate triggering Entity Coverage under the D&O Policy. Therefore, any rights of the estate in the Entity Coverage are only hypothetical, or speculative, and the estate thus does not have property interest in the D&O Policy in competition with the Movants' interest. Nor has the Trustee made indemnification payments to or on behalf of the Movants, for which they would be entitled to Indemnification Coverage under the D&O Policy.

15. As a matter of public policy, the Bankruptcy Court should not divest the Movants of the liability coverage to which they are entitled under the D&O Policy, nor the payment and/or advancement of Defense Costs. The Movants bargained for and relied on the protection afforded to them by the D&O Policy, and it would be unjust to strip them of that benefit when

7

they need it most. This is especially so where, as here, the Debtor will have no occasion to trigger coverage under Coverage Part B or Coverage Part C, the only bases pursuant to which the Debtor could make any claim under the policy. In other words, the only purpose in curtailing the Movants' application for advancement of their defense costs to jeopardize the Movants ability to achieve a fair determination of the merits of the claims against them.

16. Thus, to the extent that the D&O Policy covers the Movants' Defense Costs including Defense Costs that have been incurred and continue to be incurred, the Movants request that the Bankruptcy Court enter an order allowing Hiscox to advance Defense Costs incurred by the Movants in connection with the claims made by the Trustee *nunc pro tunc* to the filing of the adversary proceeding. While reserving its rights under the D&O Policy, Hiscox has agreed to advance Movants' Defense Costs incurred in connection Adversary Proceeding in accordance with the D&O Policy, *provided* that advancement of such costs is authorized by the Bankruptcy Court.

17. Pursuant to Rule 9013-1, undersigned counsel certify that they have made a reasonable and good faith effort to determine whether the motion is unopposed.

18. This Motion shall not be deemed to be an admission of any fact, liability or other matter whatsoever. The filing of this Motion by the Movants shall not be deemed to constitute a waiver of any of their rights under the D&O Policy or at law, and the Movants reserve all such rights.

**WHEREFORE**, the Movants respectfully request that this Court:

A. Enter an order *nunc pro tunc* to April 9, 2020, lifting the automatic stay by operation of Section 362 of title 11 of the United States Code, to the extent it may apply, to permit Hiscox Insurance Company, pursuant to the D&O Policy to advance all Defense Costs (as that terms is defined in the D&O Policy) already incurred and to be incurred by the Movants, Todd Provost, Michael Bruno and Jack Ventola in connection with the Adversary Proceeding without need for further order of the Court or application to the Court; and to each of the Movants as and when incurred;

B. Order the fourteen day stay provided by Bankruptcy Rule 4001(a)(3) is waived; and,

C. Grant such other and further relief as may be just.

Respectfully submitted,

**TODD PROVOST**

By His Attorneys,

McLANE MIDDLETON,
PROFESSIONAL ASSOCIATION

Dated: January 6, 2021       By:    */s/ Joseph Foster*
                                    Joseph A. Foster, BBO No. 624860
                                    Scott H. Harris, BBO No. 552903
                                    900 Elm Street, P.O. Box 326
                                    Manchester, New Hampshire   03105-0326
                                    Telephone: (603) 625-6464
                                    joseph.foster@mclane.com
                                    scott.harris@mclane.com

**MICHAEL BRUNO**

By his attorneys

HENNING STRATEGIES, LLC

By:   /s/ Vincent J. Demore
Vincent J. DeMore, BBO No. 671136
141 Tremont Street—5th Floor
Boston, MA 02111
Vince.Demore@henningstrategies.com
(617) 299-6534

**JACK VENTOLA**

By his attorneys

BROOKS & DeRENSIS, P.C.

By:   /s/ Steven Brooks
Steven Brooks, BBO No. 059140
260 Franklin Street, Suite 700
Boston, MA 02110
(857) 259-5200
sbrooks@bdboston.com

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of this Motion has been forwarded to the following via the Court's electronic filing system:

| | |
|---|---|
| John O. Desmond, Trustee represented by Michael Connolly<br>Jonathan Horne<br>Thomas S. Vangel<br>Mark DeGiacomo | mconnolly@murthalaw.com<br>jhorne@murthalaw.com,<br>lmulvehill@murthalaw.com<br>tvangel@murthalaw.com<br>mdegiacomo@murthalaw.com |
| Gary W. Cruickshank on behalf of creditor Crustade PTE, Ltd and PT Bumni Menara Internusa | gwc@cruickshank-law.com,<br>cruickshankgr87938@notify.bestcase.com |
| Vincent DeMore on behalf of Michael Bruno | vince.demore@henningstrategies.com |
| Steven Brooks on behalf of Jack Ventola | sbrooks@bdboston.com |
| John O. Desmond | trustee@jdesmond.com;<br>jdesmond@ecf.axosfs.com |
| John Fitzgerald | USTPRegion01.bo.ecf.usdoj.gov |
| David Himelfarb on behalf of Creditor Wells Farbo Bank, NA | dhimelfarb@mccarter.com;<br>jlubertazz@mccarter.com |
| Mark L. Neston on behalf of credit Jimary Land Trust, LLC, Trustees of the Head of the Harbor Realty Trust | Nestorlaw.@aol.com |
| Donald E. Rothman on behalf of creditor Cooperative Rabobank U.S. Hong Kong branch | drothman@riemerlaw.com |
| Herbert Weinberg on behalf of creditor F. Murphy & Sons Cleaning Co., Inc. | hweinberg@gmail.com;<br>weinberghr70490@notify.bestcase.com |
| James Addison Wright, III on behalf of Debtor National Fish and Seafood, Inc. | James.wright@klgates.com;<br>bobankruptcyecf@klgates.com |

AND via U.S. Mail to

| | |
|---|---|
| Ng Joo Kwee<br>Room 3201-3210<br>Hong Kong Plaza<br>188 Connaught Road West<br>Hong Kong, S.A.R<br>Hong Kong, | Ng Joo Puay<br>Hong Kong Plaza<br>188 Connaught Road West<br>Hong Kong, S.A.R<br>Hong Kong |
| Ng Joo Siang<br>Room 3201-3210<br>Hong Kong Plaza<br>188 Connaught Road West<br>Hong Kong, S.A.R<br>Hong Kong, | Ng Puay Ye<br>Hong Kong Plaza<br>188 Connaught Road West<br>Hong Kong, S.A.R<br>Hong Kong, |
| Elizabeth Weller, Esq.<br>Counsel to Tarrant County<br>Linebarger Goggan Clair & Sampson<br>2777 N. Stemmons Freeway #1000<br>Dallas, TX 75207 | Ascentium Capital LLC<br>23970 HWY 59 N<br>Kingwood, TX 77339 |
| CT Corporation as Representative<br>Attn:  SPRS<br>330 N Brand Blvd Suite 700<br>Glendale, CA 91203 | Matthew O'Donnell<br>Luskin, Stern & Eisler LLP<br>Eleven Times Square<br>New York, NY 10036 |
| Cooperative Rabobank UA<br>Attn:  Janet Ong<br>32 F Three Pacific Place<br>1 Queens Road East<br>Hong Kong | Raymond Leasing Corp<br>22 South Canal Street<br>Greene, NY 91203 |
| Robert Reiser & Co, Inc.<br>725 Dedham Street<br>Canton, MA 02021 | Sysco Boston, LLC<br>99 Spring Street<br>Plymonton, MA 02367 |
| Travelers Casualty & Surety Co.<br>One Tower Square<br>Hartford CT 06183 | Wells Fargo Bank NA<br>300 Tri State International #400<br>Lincolnshire, IL 60069 |
| James C. Olson, Esq.<br>Counsel to H&M Bay, Inc.<br>10451 Mill Run Circle #400<br>Owings Mills MD 21117 | Catania Spanga<br>P O Box J.<br>Ayer MA 01432 |

Essex Food Ingredients
P O Box 824208
Philadelphia, PA 19182

US Customs and Border Protection
P O Box 979126
Saint Louis, MO 63197

American Refrigeration
149 River Street Suite #3
Andover, MA 01810

Crustrade PTD
Kurt S. Olson
Olson & Olson PA
500 Federal Street
Andover, MA 01810

Elm City Cheese Co, Inc.
2240 State Street
Hamden, CT 06517

Evergreen Aquatic Products Science
And Technology Co Ltd.
Northern Ruiyun Road
Mazhang Economic Development
Zhanjiang City, Guao NY 11111

National Grid
P O Box 11737
Newark, NJ 07101-4735

Ocean Incorporation Limited
Tung Che Comm Centre
Room 2308
246 Des Voeux Road West
Hong Kong

PT Bumi Menara Interusa
Kurt Olson
Olson & Olson
500 Federal Street
Andover, MA 01810

Gorton's of Gloucester
128 Rogers Street
Gloucester, MA 01930

Unicorr / Connecticut Container
4282 Payshpere Circle
Chicago, Il 60674

City of Gloucester
P O Box 773
Reading, MA 01867

EDA, Inc.
P O Box 328
Mansfield, MA 02048

Engie Resources
P O Box 9001025
Louisville, KY 40290-1025

Good Luck Product Co Ltd.
69/9 Moo 1 Ekachar Road
T Thajean Muang
Samutsakom 74000 Thialand

NSDJ Real Estate LLC
613 Pleasant Street
East Weymouth, MA 02189

Pola Minerals Ltd
Factory Road
Blaydon On Tyne
Tyne & Wear NE215SA
United Kingdom

United States Treasury
Internal Revenue Service
Cincinnati, OH 45999-0039

Newly Webs Foods, Inc.
70-80 Grove Street
Watertown, MA 02472


Dated: January 6, 2021                                  /s/*Joseph A. Foster*
                                                        Joseph A. Foster, BBO No. 624860